**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles MOSLEY, a.k.a. Charles**
**Clinton Mosley, Defendant–**
**Appellant.**

**No. 04–11189**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 2, 2005.

Kristen Gartman Rogers, Federal Public Defender, Mobile, AL, for Defendant–Appellant.

Leigh Lichty Pipkin, Mobile, AL, for Plaintiff–Appellee.

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

**ON REMAND FROM THE SUPREME**
**COURT OF THE UNITED**
**STATES**

PER CURIAM:

We previously affirmed the sentence in this case. *United States v. Mosley*, 123 Fed.Appx. 387 (11ᵗʰ Cir.2004). The Supreme Court has vacated our prior judgment and remanded the case to us for further consideration in light of *Booker v. United States*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the sentence.

In our initial opinion, we declined to address Mosley's argument based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) because he did not raise it in his initial brief or in the district court. The Supreme Court's decision in *Booker* did not change this fact.

Following the well-established rule in this circuit, *see United States v. Levy*, 379 F.3d 1241, 1242 (11ᵗʰ Cir.2004), *reh'g en banc denied*, 391 F.3d 1327 (11th Cir.2004), issues that are not timely raised in the briefs are deemed abandoned. In *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir.2001), we applied this rule to a case remanded from the Supreme Court in light of *Apprendi*. Recently, we applied *Ardley* to a post-*Booker* remand and found that the defendant had abandoned his *Booker* claim because he failed to raise it at the district court or in his initial brief. *United*

*States v. Dockery,* 401 F.3d 1261 (11th Cir.2005).

Our opinion affirming the conviction and sentence in this case is accordingly **REINSTATED.**